PER CURIAM.
The uncontroverted evidence in the record of this case reflects that the appellee was served by the appellant, through the use of substituted service, “by serving a copy of this Writ, or a copy of the Complaint, Petition, or initial pleading, at the defendant’s usual place of abode, on a person residing therein of the age of fifteen (15) years or older, to-wit: Lydia Vasquez, person residing therein, informing such person of the contents.” See § 48.031, Fla.Stat. (1993).
Subsequently, the appellant sought blood testing of the appellee. Accordingly, the appellant filed a Motion For Physical Examination which was served on the appellee by mail, along with a Notice of Hearing relating to the said motion. In response thereto, the appellee appeared at the hearing and agreed to pay the cost of the blood tests. As a result thereof, the requested blood tests were ordered and conducted. After the completion of the blood tests, the defendant filed a Motion for Summary Judgment, reflecting the fact that the “results of the blood tests show a 99.92% probability of paternity.” The Motion for Summary Judgment and a Notice of Hearing were served on the respondent by mail. The respondent did not attend the hearing. At that point, the trial judge, acting sua sponte, entered an order, ruling: “That the original service was invalid because the process server did not identify Lydia Vasquez’s relationship to the respondent.” Appellant appeals the foregoing non-final order determining a lack of jurisdiction over the person of the appellee. Fla. R.App.P. 9.130.
Clearly, the trial court had jurisdiction over the appellee. The concern, if any, created by the nature of the service described above certainly should have dissipated, both legally and factually, when the appellant personally appeared at the March 23rd, 1993, court hearing in response to the original service and the Notice of Hearing.
The appearance of appellee at the March 23rd, 1993, hearing, and his active participation therein, not only affirmed the validity of the original service, but furthermore, constituted an absolute submission to the jurisdiction of the court in this case.
Accordingly, the trial court’s order finding the original service to be invalid is reversed and this cause is remanded to the trial court for further proceedings consistent herewith.